IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 04-CR-0207-001-CVE |
| v. ) | |
| ) | USM Number: 09631-062 |
| CHARLES EVERETT FRAZIER, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is defendant's motion to clarify judgment to correct federal records (Dkt. # 84). Defendant moves for correction of the judgment to order credit for time served in official detention awaiting sentencing and transportation to a Bureau of Prisons (BOP) facility. Defendant claims that he was in federal custody from February 14, 2011, until July 21, 2011, when he was sentenced for violating the terms and conditions of his supervised release in the instant case. He asserts that the BOP has erroneously calculated jail time credit in determination of his discharge date, and that he is due credit for time served in official detention since February 14, 2011.

In or about November 2010, defendant was arrested on a two-count complaint in Tulsa County case CF-2010-4462. He was released on bond. On or about February 16, 2011, defendant was recommitted and held in custody in case CF-2010-4462, and new charges alleged in Tulsa County case CF-2011-595. On June 1, 2011, defendant posted bond in Tulsa County cases CF-2010-4462 and CF-2011-595. On June 2, 2011, defendant was arrested on a supervised release violation warrant pursuant to an Order on Supervised Release which alleged several rule violations, to include a new law violation as alleged in Tulsa County case CF-2010-4462 (Dkt. # 70). Following an initial appearance and waiver of a detention hearing on June 7, 2011, defendant was

ordered detained pending disposition of the alleged violations. On July 21, 2011, the Court revoked defendant's term of supervised release and imposed an imprisonment term of 18 months. Defendant, in Federal custody, was transported to a BOP facility to begin service of the revocation sentence. BOP records show that defendant was awarded jail credit from June 2, 2011, the date of arrest on the instant warrant, to July 20, 2011, the day prior to sentencing. His projected release date with jail credit accrual is September 13, 2012, at which time he will be transported to a State of Oklahoma penal facility to begin serving an aggregate six-year term in Tulsa County cases CF-2010-4462 and CF-2011-595.

Consideration of jail credits in this matter turns on application of 18 U.S.C. § 3585(b) – credit for prior custody. It is settled law that "[a] district court has no authority to compute or award sentencing credit at sentencing; rather, it is the Attorney General, through the BOP, which has the power to grant sentencing credit in the first instance." United States v. Mata, 145 Fed. Appx. 276, 280, 2005 WL 1953510, at *2 (10th Cir.2005) (citing United States v. Wilson, 503 U.S. 329, 334 (1992); United States v. Jenkins, 38 F.3d 1143, 1144 (10th Cir.1994); see also United States v. Brown, 212 Fed. Appx. 747, 2007 WL 64852 at *7 (10th Cir.2007) ("a sentencing court is without jurisdiction to award credit under 18 U.S.C. § 3585(b) for time served in prior custody at sentencing." (citation omitted)). After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. See 18 U.S.C. § 3621(a). To fulfill this duty, BOP must know how much of the sentence the offender has left to serve. Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant.

2

Crediting jail time against federal sentences long has operated in this manner. The BOP developed detailed procedures and guidelines for determining the credit available to prisoners. Federal regulations have afforded prisoners administrative review of the computation of their credits, and prisoners are able to seek judicial review of these computations after exhausting their administrative remedies. A defendant must raise his issue of credit under § 3585(b) first with the BOP and, if unsatisfied, then seek judicial review pursuant to 28 U.S.C. § 2241. Jenkins, 38 F.3d at 1144; see, e.g., Binford v. United States, 436 F.3d 1252 (10th Cir.2006); Buchanan v. United States Bureau of Prisons, 133 Fed. Appx. 465, 467, 2005 WL 1168443 (10th Cir.2005) ("Petitioner must exhaust the available administrative remedies prior to pursuing relief under § 2241. See Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir.1986) (per curiam)" (other citation omitted)).

If defendant believes he has been improperly denied jail credits, the BOP has established a grievance procedure for inmates with complaints relative to any aspect of their imprisonment. See 28 C.F.R. §§ 542.10-542.19. The inmate must first attempt to resolve his complaint informally with his prison counselor. 28 C.F.R. § 542.13. If unable to reach an informal resolution, the inmate may then direct his complaint to the warden through a written administrative remedy request, using Form BP-9. Id. §§ 542.13, 542.14. After the warden's response, if still unsatisfied, the prisoner may submit an appeal to the Regional Director, using Form BP-10. Id. § 542.15(a). Finally, the inmate may file a final administrative appeal to the Office of the General Counsel in Washington, D.C., using Form BP-11. Id. § 542.15(b)(2).

This Court does not have authority to compute or award jail credit at sentencing or to later order application of such credits toward a sentence.

**IT IS THEREFORE ORDERED** that defendant's motion to clarify judgment to correct federal records (Dkt. # 84) is **denied**.

**IT IS SO ORDERED** this 11th day of January, 2012.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT